IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Silvester Desmond Scott, *a/k/a* *Sylvestor Desmond Scott*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Officer Todd Mallek, Sgt. R. Gamard, )<br>Lt. C. Harkins, The Charleston City )<br>Police Department, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2:18-1140-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Silvester (or Sylvestor) Desmond Scott's ("Scott" or "Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is a pretrial detainee at the Al Cannon Detention Center in North Charleston, South Carolina, alleges claims under the Fourth and Fourteenth Amendments for false arrest and malicious prosecution in connection with his arrest on January 21, 2015.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On July 16, 2018, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court summarily dismiss this action without prejudice and without issuance and service for the following reasons: (1) because Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) because Plaintiff's claims that Defendants violated police department policies by failing to take him for medical care and by failing to have dashboard cameras do not allege a violation of Plaintiff's constitutional rights; and (3)

because Plaintiff's claims are barred by the statute of limitations. Plaintiff filed untimely objections, which the Court has considered in the interest of fairness. However, for the following reasons, the Court finds Plaintiff's objections without merit and agrees with the Magistrate Judge's recommendation.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Here, as an initial matter, Plaintiff's objections do not specifically respond to the Magistrate Judge's findings (1) that Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, or (2) that his claims regarding Defendants' failure to take him for medical care and failure to have dashboard cameras do not allege a constitutional violation. After review, the Court agrees with the Magistrate Judge's findings on these issues and

2

finds no clear error.

Next, however, Plaintiff does object to the Magistrate Judge's determination that Plaintiff's claims are barred by the three-year statute of limitations. Specifically, Plaintiff asserts that although he was arrested in January of 2015, he was not aware of his injury until after a suppression hearing held in June of 2017 "where Officer Todd Mallek admitted to never establishing probable cause." (ECF No. 17 at 2.) After review, the Court finds this objection without merit because Plaintiff's complaint clearly states that Plaintiff received a copy of Officer Mallek's affidavit the day after his arrest. Plaintiff asserts that Officer Mallek's affidavit stated that he advised Plaintiff that he was going to search his vehicle "due to the odor of marijuana + seeing marijuana in my mouth." (ECF No. 1 at 8.) Plaintiff also states, however: "This was the '<u>first</u>' time I ever heard anything about marijuana at all." (*Id.*) Thus, the allegations of Plaintiff's complaint contradict his assertion in his objections that he was not aware of his injury until after the suppression hearing in June of 2017, and the Court ultimately agrees with the Magistrate Judge that, in addition to the foregoing issues with Plaintiff's complaint, his claims are barred by the statute of limitations. As the Magistrate Judge stated, "Plaintiff had reason to know of his claims at the time of his arrest in January of 2015 or at least by the time he was released from custody '7 or 8 days' thereafter, all of which are more than three years prior to his filing of this action in April of 2018." (ECF No. 15 at 8.)

## **CONCLUSION**

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 15); overrules Plaintiff's objections (ECF No. 17); and dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

December 6, 2018
Charleston, South Carolina